IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WADE A. HALLETT,

                                                      Petitioner,

    v.                                                                       OPINION and ORDER

LIZZIE TEGELS,                                                   22-cv-422-jdp

                                                     Respondent.

---

Wade A. Hallett, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for incest with a child by a stepparent. *See* Rock County Case No. 2017CF280. Hallett seeks habeas relief on the grounds that (1) the circuit court ignored a pretrial motion he filed regarding unconstitutional ambiguities in Wisconsin's incest statute; (2) his postconviction and appellate counsel (the same person) was ineffective by failing to raise arguments about the incest statute; and (3) the court of appeals denied his habeas corpus petition brought under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), about appellate counsel's ineffective assistance without holding a fact-finding hearing. The state has filed a motion to dismiss Hallett's petition, arguing that he waived some of his claims by pleading no contest and that his remaining claim is procedurally defaulted for his failure to raise it on direct appeal. Dkt. 9. I will grant respondent's motion and dismiss Hallett's petition.

BACKGROUND

In February 2017, Hallett was charged with four counts of incest with a child by stepparent under Wis. Stat. § 948.06(1m), based on Hallett's sexual assaults of his wife's

daughter. That provision prohibits "sexual contact or sexual intercourse with a child if the actor is the child's stepparent."

While represented by counsel, Hallett filed a pro se motion challenging the constitutionality of Wis. Stat. § 948.06(1m), arguing that he wasn't related to the victim by blood or adoption and that he had "proclaimed total emancipation" from the victim. Dkt. 1-1. The court did not rule on the motion.

On October 24, 2017, Hallett pleaded no contest to one count of incest with a child by stepparent. The remaining charges were dismissed and read in. Hallett was sentenced to ten years of initial confinement and four years of extended supervision.

By counsel, Hallett filed a postconviction motion challenging the sentencing court's exercise of discretion at sentencing, which was denied. He then filed an appeal by counsel arguing that the sentencing court should have balanced sentencing factors differently. The Wisconsin Court of Appeals rejected this argument and affirmed the judgment of conviction. Hallett's counsel filed a no-merit petition for review with the Wisconsin Supreme Court. Hallett filed a pro se response arguing that the sentencing court erroneously exercised its discretion. The Wisconsin Supreme Court denied the petition for review on September 14, 2021.

Hallett followed with a pro se *Knight* petition for a writ of habeas corpus in the Wisconsin Court of Appeals. He argued that his appellate counsel was ineffective for failing to raise facial and as-applied constitutional challenges to the stepparent-incest statute. In particular, he argued that the circuit court improperly ignored his pro se filing prior to his no contest plea, that the statute was unconstitutional on its face because the word "stepparent" was not sufficiently defined and because the statute imposes punishment even upon someone

2

who was not "responsible for a child's welfare," and that the statute was unconstitutional as applied to him because the victim was emancipated from him and because his equal protection rights were violated by being charged as a stepparent despite not actually being responsible for the victim.

The court of appeals denied Hallett's petition. *State ex rel. W.A.H. v. Tegels*, No. 2021AP2158-W (Wis. Ct. App. Jan. 7, 2022). In particular, the court rejected Hallett's facial challenge to § 948.06(1m), stating "We are not persuaded that this argument has merit, much less that it is clearly stronger than the sentence modification argument that [counsel] raised on direct appeal." *Id.* at 3. It stated that "nothing in the statutes indicates that a stepparent must be 'responsible for the child's welfare' to be convicted of incest with a child by a stepparent under § 948.06(1m)." *Id.* It also rejected Hallett's as-applied challenges regarding emancipation and equal-protection challenges both on the merits and because Hallett waived those arguments by pleading no-contest. *Id.* at 4–5 (citing *State v. Trochinski*, 2002 WI 56, ¶ 34 n.15, 253 Wis. 2d 38, 644 N.W.2d 891 (no-contest plea waives all non-jurisdictional defects).

ANALYSIS

**A. Preliminary matters**

The state has filed a motion to dismiss Hallett's petition, arguing that he waived some of his claims by pleading no contest and that his remaining claim is procedurally defaulted for his failure to raise it on direct appeal. Hallett has filed a motion to strike the motion to dismiss, arguing that the state's motion is an inadequate answer to his petition. Dkt. 13. But Hallett doesn't identify any prejudice he has suffered from the state filing a procedure-based motion

3

to dismiss instead of a full answer, and the parties have provided the court with everything I need to decide the case. I will deny Hallett's motion to strike.

Hallett has also filed a motion to file a sur-reply. Dkt. 17. Sur-replies are disfavored in this court. Nonetheless, I will consider Hallett's sur-reply, although it does not change the outcome.

### B. Hallett's claims

Hallett's claims fail in part because he has largely waived the ability to challenge his conviction. "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered. A plea of no contest invokes the same waiver principle." *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (citations omitted). *See also United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) ("By pleading guilty a defendant normally surrenders an opportunity to contest the merits, waiving (not just forfeiting) all arguments that could have been raised earlier."). Because Hallett pleaded no contest, he may attack his conviction only by challenging the state court's jurisdiction or the voluntary and intelligent character of his plea. *United States v. Broce*, 488 U.S. 563, 574 (1989). That means that Hallett has waived his claim about the circuit court ignoring his pre-plea motion about the constitutionality of § 948.06(1m). He also has waived any constitutional challenge to the statute as it was applied to him. *See, e.g., United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011) ("While a facial attack on a statute's constitutionality is jurisdictional, an as-applied vagueness challenge is not."); *Trochinski*, 2002 WI 56, ¶ 34 n.15. So any ineffective-assistance claim relying on an as-applied challenge is futile.

4

That leaves Hallett's claim that appellate counsel should have raised his facial challenge to the incest statute. The state argues that this claim is procedurally barred because Hallett didn't raise it in his direct appeal and under Wisconsin procedures a defendant may overcome that default only by showing that the defaulted claim was "clearly stronger" than the claims actually raised by counsel. *State v. Starks*, 2013 WI 69, ¶ 60, 349 Wis. 2d 274, 833 N.W.2d 146, *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, 392 Wis. 2d 1, 944 N.W.2d 588. That is what the court of appeals stated here: it was "not persuaded that this argument has merit, much less that it is clearly stronger than the sentence modification argument that [counsel] raised on direct appeal." *State ex rel. W.A.H.*, No. 2021AP2158-W, at 3.

Hallett contends that the court of appeals didn't rely on procedural grounds to dismiss that claim because it also discussed the underlying merits of his claim, and he argues that the court of appeals misconstrued some of his challenges—like his theory that he and the victim were emancipated from each other—as as-applied rather than facial.

Hallett is incorrect on both points. Even if I considered the court's ruling as relying on both procedural grounds and the merits, I must still rely on the court's procedural ruling and find the petitioner defaulted. See *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (A "state court need not fear reaching the merits of a federal claim in an *alternative* holding" (emphasis in original)). The court of appeals also correctly determined which of his challenges were as-applied and which were facial. *See Phillips*, 645 F.3d at 863 ("A facially vague statute presents a jurisdictional issue because it is by definition vague in every application, preventing a court from entering a judgment under the statute in any case and stripping the government of its ability to obtain a conviction against any defendant.").

In any event, even I were forced to consider Hallett's facial challenge on the merits, I would dismiss Hallett's petition. The incest statute is not vague. It can be violated by three separate—but potentially overlapping—groups of people: (1) those related by blood or adoption; (2) stepparents; and (3) a "person responsible for the child's welfare." Hallett fell squarely in the second group. His facial vagueness challenge is meritless and the court of appeals was correct in dismissing it.

## C. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the outcome here. Therefore, I will not issue Hallett a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Wade A. Hallett's motion to strike respondent's motion to dismiss, Dkt. 13, is DENIED.

2. Petitioner's motion to file a sur-reply, Dkt. 17, is GRANTED.

3. Respondent's motion to dismiss the habeas petition, Dkt. 9, is GRANTED and this case is DISMISSED.

4. Petitioner is DENIED a certificate of appealability. If he wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered July 18, 2023.

           BY THE COURT:

           /s/

           _____
           JAMES D. PETERSON
           District Judge